UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY PHILLIPS,

    Petitioner,

v.

                                  Case No.: 8:20-cv-1862-T-27AAS
                                  Criminal Case No.: 8:18-cr-91-T-27AAS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Petitioner Phillips' Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 3), the United States' Opposition (cv Dkt. 10), and Phillips' Reply (cv Dkt. 11). Upon review, Phillips' § 2255 motion is **DENIED**.

## BACKGROUND

In 2018, Phillips was indicted and charged with two counts of carjacking in violation of 18 U.S.C. §§ 2119 and 2 (Counts One and Three), two counts of brandishing a firearm during and in relation to the crimes of violence charged in Counts One and Three in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Counts Two and Four), and one count of possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Five). (cr Dkt. 1). Pursuant to a written plea agreement, he pleaded guilty to Counts Two and Four, and the remaining counts were dismissed. (cr Dkts. 27, 102); (cr Dkt. 103 at 21).

At his change of plea hearing, Phillips stipulated to the factual basis in the plea agreement. (cr Dkt. 102 at 21-22). The factual basis established that he and a codefendant carjacked a victim. (cr Dkt. 27 at 20-21). Phillips was armed with a sawed-off rifle, hit the victim in the back of the

1

head with the rifle, took his clothes and phone, and left in the stolen vehicle. (Id). On a separate occasion, Phillips and two men carjacked two parents in a pediatrician's parking lot. (Id. at 22). One of the men pressed a firearm against the mother's chest, and the other pressed a firearm against the father's chest. (Id.). United States Marshals found Phillips parked at a gas station in the stolen vehicle. (Id. at 23). He attempted to flee and was detained. (Id. at 23-24). Loaded firearms, ammunition, and a ski mask were found inside the vehicle. (Id. at 24); *see also* (cr Dkt. 96 at 2-3).

Also at his change of plea hearing, Phillips acknowledged that he reviewed the plea agreement with counsel and was satisfied with counsel. (cr Dkt. 102 at 9-10). He further acknowledged that he faced a maximum term of life imprisonment on each count and minimum consecutive terms of 7 years on Count Two and 25 years on Count Four. (Id. at 14, 16); *see also* (cr Dkt. 27 at 2). He also understood that he was, subject to limited exceptions, waiving his right to appeal. (cr Dkt. 102 at 18-19).[1] His guilty plea was accepted as knowingly and voluntarily entered, and he was adjudicated guilty. (Id. at 23-24); (cr Dkt. 36).

After Phillips pleaded guilty, the First Step Act became effective. Section 403(a) amended 18 U.S.C. § 924(c)(1)(C) to require a minimum term of 25 years imprisonment only "in the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final." *See* First Step Act of 2018, P.L. 115-391, 132 Stat. § 403. Phillips' presentence investigation report (PSR) reflected this amendment, noting that he faced a minimum of 7 years and a maximum of life imprisonment on both § 924(c) convictions, to run consecutively. (cr Dkt.

---

[1] The plea agreement included an appeal waiver, by which Phillips "expressly waive[d] the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . . ." (cr Dkt. 27 at 17-18).

2

59 ¶¶ 107, 108, 109). As a career offender with a three-level reduction for acceptance of responsibility, he had a guidelines range of 262 to 327 months. (Id. ¶¶ 34, 110); USSG §4B1.1(c)(3).[2] At sentencing, a two-level downward departure for substantial assistance under USSG §5K1.1 was granted, resulting in a range of 210 to 262 months. (cr Dkt. 103 at 8-9); (cr Dkt. 56). Phillips was sentenced to 120 months on Counts Two and Four, to run consecutively. (cr Dkt. 103 at 18-19). Judgment was entered on March 12, 2019. (cr Dkt. 66). He did not file a notice of appeal. (cv Dkt. 3 at 2).

On August 5, 2020, Phillips filed a § 2255 motion.[3] (cv Dkt. 1 at 10). On August 17, 2020, he filed an amended motion, raising two claims of ineffective assistance of counsel. (cv Dkt. 3 at 4-5, 12). First, he contends that counsel "fail[ed] to advise him that Section 403(b) of the First Step Act . . . precludes a second conviction under 18 U.S.C. 924(c) in a single proceeding." (Id. at 4). Second, he contends that counsel failed to file a notice of appeal. (Id. at 5). As the United States correctly contends, his claims are untimely and without merit. *See* (cv Dkt. 10).[4]

## STANDARD

To establish ineffective assistance of counsel, Phillips must demonstrate that (1) counsel's performance was deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. . . .

---

[2] Phillips objected to the information included in the PSR's offense conduct and his criminal history. (cr Dkt. 59 at pp. 31-36). His objections, which were overruled, are immaterial to this § 2255 motion. (cr Dkt. 103 at 4-5).

[3] A *pro se* prisoner's pleading is deemed filed the date it is delivered to prison officials for mailing. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Phillips' initial § 2255 motion was dismissed without prejudice to allow him to file an amended motion on the prescribed form. (cv Dkt. 2).

[4] An evidentiary hearing is unnecessary, since the § 2255 motion "and the files and records of the case conclusively show that [Phillips] is entitled to no relief." 28 U.S.C. § 2255(b).

3

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. And "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted).

## DISCUSSION

In summary, Phillips is not entitled to relief because his claims are untimely and without merit. Specifically, he is incorrect that the First Step Act "precluded" his second § 924(c) conviction. And his allegations do not establish that he requested counsel to file a notice of appeal or that counsel failed to consult with him about an appeal.

### *Timeliness*

The Antiterrorism and Effective Death Penalty Act imposes a one-year limitation period to file a § 2255 motion, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Phillips failed to file his motion within one year of when his judgment of conviction became final.[5] And he does not contend that the limitation period began to run on a later date under § 2255(f). Rather, he contends that equitable tolling due to the Covid-19 pandemic excuses his untimely filing. He explains that he

> has not only been confined in his prison cell since the March 13, 2020 nationwide lockdown of all federal prisons . . . , this all-encompassing lockdown of all prisoners in their cells, which continues to this day, was in no way ephemeral or limited in consequences; prisoners are not only denied access to legal materials, they have been, and are, denied unfettered access to writing instruments, copying capabilities, and postage stamps. These imposing restrictions require prisoners, like Mr. Phillips, to rely solely on the beneficence of other prisoners who happened to be better equipped at the time of lockdown.

(cv Dkt. 11 at 2); *see also* (cv Dkt. 1 at 6 (asserting that "on March 13, 2020 the entire Bureau of Prisons was placed on total and indefinite lockdown, and [Phillips'] access to necessary legal records and resources was interrupted and subject to the prison's restrictive quarantine protocols")). However, his contentions do not support a finding of equitable tolling.[6]

Equitable tolling is an "extraordinary" remedy "limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotation marks and citation omitted). Phillips must show that (1) he has been pursuing his rights diligently, and (2) an extraordinary circumstance prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere

---

[5] Phillips' judgment of conviction became final on March 26, 2019, when his time to file a direct appeal passed. (cr Dkt. 66); *see Akins v. United States*, 204 F.3d. 1086, 1089 n.1 (11th Cir. 2000). He placed his initial § 2255 motion in the prison mailing system on August 5, 2020, more than one year later. (cv Dkt. 1 at 10).

[6] To the extent Phillips may contend that a prison lockdown due to Covid-19 prevented him from timely filing his motion under 28 U.S.C. § 2255(f)(2), the contention is likewise without merit.

5

conclusory allegations are insufficient to raise the issue." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (citations omitted). Phillips fails to show that he has been diligently pursuing his rights and that an extraordinary circumstance prevented his timely filing.

As the United States observes, the Eleventh Circuit has held that prison lockdowns and restricted access to a law library or legal documents do not constitute extraordinary circumstances to warrant equitable tolling. *Castillo v. United States*, No. 16-17028-E, 2017 WL 5591797, at *3 (11th Cir. May 4, 2017) (collecting cases); *see also Akins*, 204 F.3d at 1089-90; *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007).[7] Further, Phillips' assertions do not establish that he has been pursuing his rights diligently, and he offers no explanation as to why he could not file his § 2255 motion prior to the purported March 13, 2020 prison lockdown or his August 5, 2020 filing. And although he asserts that prisoners were denied access to legal materials, "writing instruments, copying capabilities, and postage stamps," he does not explain how he was prevented from timely filing. (cv Dkt. 11 at 2). Notwithstanding his assertions, he was able to rely "on the beneficence of other prisoners" to file his motion while the prison was still on lockdown. (Id.).

Accordingly, absent a basis to toll the limitation period, Phillips' motion is untimely. However, even if his ineffective assistance of counsel claims are timely, they are without merit.

---

[7] Additionally, courts have declined to grant equitable tolling based on prison lockdowns due to Covid-19. *See, e.g., Moreno v. United States*, No. 1:17-CR-0446-TCB-RGV-1, 2020 WL 7091088, at *2 (N.D. Ga. Sept. 18, 2020), *report and recommendation adopted*, 2020 WL 5939887 (N.D. Ga. Oct. 7, 2020) (noting that the petitioner "does not allege when the prison's law library was initially closed, nor has he explained why he could not have filed his motion before Covid-19 restrictions were in place. In fact, [he] states that the law library is 'still closed,' and he has filed this motion without access to it"); *United States v. Henry*, No. 2:20-cv-01821, 2020 WL 7332657, at *3-5 (W.D. Penn. Dec. 14, 2020); *United States v. Thomas*, No. 18-135, 2020 WL 7229705, at *2-3 (E.D. La. Dec. 8, 2020).

***Ground One***

In Ground One, Phillips asserts that "counsel provided constitutionally deficient assistance by failing to advise him that Section 403(b) of the First Step Act, enacted prior to his sentencing, precludes a second conviction under 18 U.S.C. 924(c) in a single proceeding. This deficiency violated the Sixth Amendment, and the two part-test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)." (cv Dkt. 3 at 4). His contentions are without merit.

Phillips pleaded guilty to two counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. (cr Dkts. 1, 27, 30). He faced a mandatory minimum sentence of 7 years as to the first § 924(c) conviction in the Indictment and 25 years as to the second § 924(c) conviction, to run consecutively. *See United States v. Pryor*, 824 F. App'x 652, 654-55 (11th Cir. 2020). After he pleaded guilty, the First Step Act became effective, and Section 403 amended § 924(c) to provide a mandatory minimum term of 25 years only "in the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final." *See id.*; First Step Act of 2018, P.L. 115-391, 132 Stat. § 403.

Phillips' PSR reflected this amendment, noting that he faced a minimum of 7 years and a maximum of life imprisonment on the two § 924(c) counts, to run consecutively. (cr Dkt. 59 ¶¶ 107, 108, 109). As counsel acknowledged, Phillips' guidelines range was "higher than the mandatory sentence of 14 years," and Phillips was sentenced within the guidelines to 120 months on both counts. (Id. at p. 33); (cr Dkt. 66). Contrary to his contentions, the First Step Act did not preclude a second § 924(c) conviction or a consecutive term of imprisonment. (cv Dkt. 3 at 4); (cv Dkt. 11 at 3); (cv Dkt. 1 at 7-8); *see* 18 U.S.C. § 924(c)(1)(A). And counsel is not ineffective in failing to raise an argument that has no legal basis. *See Freeman v. Atty Gen., State of Florida*, 536

7

F.3d 1225, 1233 (11th Cir. 2008). In summary, absent deficient performance and resulting prejudice, this ineffective assistance of counsel claim fails.

**Ground Two**

In Ground Two, Phillips asserts that counsel "provided constitutionally deficient assistance by failing to file a notice of appeal, in violation of the Sixth Amendment and . . . *Garza v. Idaho*, [139 S. Ct. 738] (2019); a case that preceded [his] sentencing by more than a month." (cv Dkt. 3 at 5). His contentions are without merit.

An attorney's failure to file a notice of appeal as requested by a defendant constitutes deficient performance. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). If a defendant does not instruct counsel to file an appeal or ask that an appeal not be taken, a court must determine whether counsel "consulted" with the defendant about an appeal, which means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. Counsel has a duty to consult "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. Relevant factors include whether the defendant pleaded guilty, received the sentence bargained for, or waived his appellate rights. *Id.*

Phillips has not shown that counsel's performance was deficient. First, he does not allege that he requested counsel to file a notice of appeal. (cv Dkt. 3 at 5); *see also* (cr Dkt. 1 at 8-9). Second, he has not shown that a rational defendant would want to appeal or that he reasonably demonstrated to counsel that he was interested in appealing. Indeed, he pleaded guilty to his crimes and received a three-level reduction for acceptance of responsibility, an additional two-level

8

downward departure for substantial assistance, and a sentence in the middle of his guidelines range. Further, his sentence was significantly less than the applicable mandatory minimum sentence when he pleaded guilty. *See* (cr Dkts. 27, 102); (cr Dkt. 59 ¶¶ 107, 108, 109). Last, subject to limited exceptions, he waived his right to appeal, and he does not provide any nonfrivolous grounds for an appeal. (cr Dkt. 27 at 17-18); *see, e.g.*, *Devine v. United States*, 520 F.3d 1286, 1288 (11th Cir. 2008) (finding that a rational defendant would not want to appeal where there were no nonfrivolous grounds for appeal, he pleaded guilty, and he waived his right to appeal).

In any event, even if a rational defendant would want to appeal or Phillips reasonably demonstrated to counsel that he was interested in appealing, Phillips does not allege that counsel failed to advise him "about the advantages and disadvantages of taking an appeal, and mak[e] a reasonable effort to discover [his] wishes."[8] *Flores-Ortega*, 528 U.S. at 478; (cv Dkt. 3 at 5); (cr Dkt. 1 at 8-9). In summary, he has failed to establish that counsel rendered deficient performance.[9] Accordingly, this ineffective assistance of counsel claim fails.

---

[8] At sentencing, Phillips was advised that he had

> 14 days within which to appeal to a higher court. You're entitled to be represented by an attorney and the Court will appoint one to represent you free of charge if you're not able to pay a lawyer, and the Clerk will accept your appeal without payment of the filing fee. [Counsel] will go over that with you. Please listen carefully to his advice, but remember that it's your decision, not his. You need to let him know within 14 days if that is your desire so he can file that notice of appeal in a timely matter.

(cr Dkt. 103 at 21-22).

[9] Phillips' contention that *Flores-Ortega* was "superseded" by *Garza* is without merit. (cv Dkt. 11 at 4). Rather, the Court in *Garza* "simply extended *Flores-Ortega*'s holding to cases in which the defendant has executed an appeal waiver." *In re Sanchez*, No. 19-11288-B, 2019 U.S. App. LEXIS 13242, at *4 (11th Cir. May 1, 2019). Further, unlike here, *Garza* concerned an attorney's failure to file a notice of appeal when specifically requested by a defendant. 139 S. Ct. at 746. And although Phillips asserts that he "would most assuredly have pursued an appeal in this case, had he not been denied such opportunity by his counsel's deficient performance," absent deficient performance, it is unnecessary to address prejudice resulting from deficient performance. (cv Dkt. 11 at 3).

*Certificate of Appealability ("COA")*

A COA may issue on "a substantial showing of the denial of a constitutional right," which requires Phillips to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citations omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (discussing standard for procedural rulings). I find that jurists of reason could not disagree with the resolution of Phillips' constitutional claims or the procedural rulings, or conclude that the issues presented are adequate to deserve encouragement to proceed further. Because he has not met the required standard, he is not entitled to a COA and cannot appeal *in forma pauperis*.

## CONCLUSION

Petitioner Phillips' § 2255 motion is untimely and without merit. Accordingly, the motion is **DENIED** (cv Dkt. 3). The Clerk is directed to enter judgment in the United States' favor and against Phillips, and to **CLOSE** this case.

**DONE AND ORDERED** this 22 day of February, 2021.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner, Counsel of Record